# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA A. SMITH-GOODMAN,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 18-CV-3675 |
| CITY OF PHILADELPHIA<br>DEPARTMENT OF HUMAN<br>SERVICES, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:<br>: |

## MEMORANDUM

SÁNCHEZ, C.J.                                                                                      AUGUST 30, 2018

*Pro se* Plaintiff Lisa A. Smith-Goodman has filed this civil action pursuant to 42 U.S.C. § 1983 against the City of Philadelphia, the Department of Human Services (DHS), and "Community Umbrella Agency (9)" based on allegations that her due process rights were violated in connection with dependency proceedings in state court.[1] She has also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1). For the following reasons, the Court will grant Smith-Goodman leave to proceed *in forma pauperis* and dismiss her Complaint with leave to amend.

## I.     FACTS

Smith-Goodman alleges that on August 7, 2018, in connection with a hearing in the Philadelphia Court of Common Pleas Family Division, she was "deprived of [her] right to due process as a person who stands in loco parentis to a child in dependency court." (Compl. ECF

---

[1] It is not clear whether Smith-Goodman intended to name both the City of Philadelphia and the Department of Human Services, or whether she is referring to one entity in the caption of her Complaint, which identifies "City of Philadelphia, Department of Human Services" as a Defendant.

1

No. 2 at 6.)² Smith-Goodman alleges that "[c]ustody was removed with no dependency issues and parental rights suspended, due to fraud upon the Court by the Dept of Human Services/City of Philadelphia and Turning Points for Children [identified as an agency that contracts with the City]." (*Id.*) In that regard, she alleges that DHS submitted "testimony" and/or a "petition" to the Court of Common Pleas that deprived her of her rights, but she does not elaborate on that allegation. (*Id.*)

Smith-Goodman alleges that she has suffered emotional distress and that her custodial rights have been terminated based on "fraud." (*Id.* at 7.) She asks this Court to "review the claim of fraud on the Court, vacate the Order issued as a result of fraud upon the court," and award her monetary damages for harm she has suffered. She also seeks damages for injuries suffered by the minor child affected by the state court's order.

## II. STANDARD OF REVIEW

The Court will grant Smith-Goodman leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. Accordingly, Smith-Goodman's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements

---

² The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

2

do not suffice." *Id.* As Smith-Goodman is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Brought on Others' Behalf

While not clear, it appears that Smith-Goodman is attempting to assert claims on behalf of the minor child who is the subject of the court order underlying this case. Smith-Goodman, however, lacks standing to pursue claims on behalf of the child and, even if the child was a party to this case, Smith-Goodman would not be able to represent her because a non-attorney proceeding *pro se* may not represent others in federal court. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a pro se litigant who is not an attorney may not pursue claims on behalf of anyone other than himself). The Court will therefore dismiss any claims raised on behalf of the minor child without prejudice.

### B. *Rooker-Feldman* Doctrine

This Court lacks jurisdiction to review and/or vacate the judgment entered by the state court. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

3

judgments." *Id.* at 166 (quotations omitted). Smith-Goodman is, at least in part, asking this Court to review and vacate an unfavorable judgment entered against her. Accordingly, this Court lacks jurisdiction to review her claims.

### C.    Failure to State a Claim

To the extent Smith-Goodman is asserting § 1983 claims within the Court's jurisdiction--*i.e.*, claims that are not barred by the *Rooker-Feldman* doctrine--she has failed to state a claim for relief. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Smith-Goodman cannot state a § 1983 claims against the Department of Human Services, because that entity is a department of the City "and thus is not a separate legal entity independently subject to suit." *Biesecker by Biesecker v. Cerebral Palsy Ass'n, Chester Cty. Disabilities Servs.*, No. 17-2586, 2018 WL 3416384, at *6-7 (E.D. Pa. July 13, 2018); *Burton v. City of Philadelphia*, 121 F. Supp. 2d 810, 812 (E.D. Pa. 2000) ("Neither DHS or YSC has an independent corporate existence from the City of Philadelphia; therefore, all claims against them must be brought in the name of the City.").

Smith-Goodman also has not stated a basis for a claim against the remaining Defendants, the City of Philadelphia and Community Umbrella Agency (9). To state a § 1983 claim against a municipality such as the City of Philadelphia or an entity that contracts with a municipality, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the

4

pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Here, Smith-Goodman has not identified a policy or custom of either the City or Community Umbrella Agency (9) that led to the alleged violation of her constitutional rights, which is fatal to her claims. *See B.S. v. Somerset Cty.*, 704 F.3d 250, 274 (3d Cir. 2013) ("With respect to municipalities such as the County, that inquiry turns on whether the due process violation was a result of the County's 'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'"). It is also not clear from the Complaint why Smith-Goodman believes her due process rights were violated, as she has not provided enough factual detail for the Court to understand why she believes the process she received was constitutionally insufficient.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Smith-Goodman leave to proceed *in forma pauperis* and dismiss her Complaint. This dismissal will be without prejudice to Smith-Goodman's right to file an amended complaint in the event she can cure the defects noted above. Any amended complaint should not seek relief for harm caused to anyone other than Smith-Goodman or raise claims challenging the state court's judgment and seeking review and rejection of that judgment. An appropriate Order follows.

BY THE COURT:

JUAN R. SÁNCHEZ, C.J.

5