**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

*Lisa A. Smith-Goodman*

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s) )*

- against -

*City of Philadelphia,*
*Turning Points for Children*
*Stephanie English*
*Katlin Sullivan*
*Judge Allan Tereshko*

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names  The names
listed in the above caption must be identical to those contained in
Part I  Addresses should not be included here.)*

*C. A #18-3675*

*AMENDED*
**COMPLAINT**

Jury Trial: ☑ Yes   ☐ No

(check one)

**FILED**

SEP - 7 2018

KATE BARKMAN, Clerk
By_____ Dep. Clerk

**I.      Parties in this complaint:**

A.     List your name, address and telephone number.  If you are presently in custody, include your identification
        number and the name and address of your current place of confinement.  Do the same for any additional
        plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name                    *Lisa A. Smith-Goodman*
               Street Address          *7334 Woodbine Ave*
               County, City            *Philadelphia, Philadelphia*
               State & Zip Code        *PA  19151*
               Telephone Number        *215-749-2289*

*Rev  10/2009*

B.   List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1

Name *City of Philadelphia*
Street Address *1515 Arch St, 14th Fl.*
County, City *Philadelphia, Philadelphia.*
State & Zip Code *PA, 19102*

Defendant No. 2

Name *Turning Points for Children*
Street Address *415 South 15th St*
County, City *Philadelphia, Philadelphia.*
State & Zip Code *PA 19146*

Defendant No. 3

Name *Stephanie English*
Street Address *1515 Arch St, 14th Fl.*
County, City *Philadelphia, Philadelphia*
State & Zip Code *PA 19102*

Defendant No. 4

Name *Katlin Sullivan*
Street Address *3901 Market St*
County, City *Philadelphia, Philadelphia*
State & Zip Code *PA 19104*

*Defendant No. 5   (See Attached)*

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*
☑ Federal Questions          ○ Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? *See Attached*

C.     If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _N/A_____

Defendant(s) state(s) of citizenship _N/A_____

## III.     Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.     Where did the events giving rise to your claim(s) occur? _____

_See Attached_____

B.     What date and approximate time did the events giving rise to your claim(s) occur? _____

_See Attached_____

**What happened to you?**

C.     Facts: ___ _See Attached_____

**Who did what?**

**Was anyone else involved?**

**Who else saw what happened?**

IV.    **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

Emotional distress and anxiety resulting from
legal custody of
loss of the child, and continued disruption
of my life and privacy, resulting in insomnia,
frequent chest pain and overall mental distress.
Defamation of character, being falsely accused of being an
unfit parent has caused stress-related hypertension and
increased blood sugar levels. Treated with medication.

V.    **Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

Plaintiff prays that the Court will Order each
named Defendants as applicable to cease any actions
that are deemed to violate Plaintiff's constitutional
rights, or statutes, laws that provide due process
or equal protection under the Fourteenth Amendment
of the US Constitution.

Plaintiff seeks damages monetary compensation
in the amount of $100,000. Plaintiff asks
that this amount be compensated for punitive
damages relevant to the egregious actions of
Defendants.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __7th__ day of __September__ _____ , 20 __18__.


Signature of Plaintiff _Lisa Smith-Goodman_
Mailing Address _7334 Woodbine Ave_
_Philadelphia PA 1951_

Telephone Number ___ _215- 749-2289_ ___
Fax Number *(if you have one)* _____
E-mail Address _lsmithg1@student.ccp.edu_

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this ____ day of _____ , 20 ____ , I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.


Signature of Plaintiff: _____

Inmate Number _____

II. Basis for Jurisdiction

B.  Plaintiff (Smith-Goodman) asserts that at issue is whether there have been violations and

deprivation of her constitutional rights.  See 28 U.S.C  § 1331, 28 U.S.C.  § 1343 (a)(1) (2) (3)

(4), the Fourteenth Amendment of the United States Constitution Equal Protection Clause, the

Fourth Amendment of the United States Constitution,  FRCP Rule 60(d)(1)(3), 28 U.S.C. 1291,

18 U.S.C. § 241, 18 U.S.C. § 242,   28 U.S.C. 1291,and the collateral order doctrine.

PA Act 138, PA Title 23  § 5324 (2)  and PA Title 23  § 5328 (a)

III.  Statement of Claim:

   A.   Where did the events giving rise to your claims occur?

   Court of Common Pleas

   Philadelphia Family Court

   1501 Arch St

   Philadelphia PA 191

   B.   What date and approximate time did the events giving rise to your claim(s) occur?

   The events took place on 02/06/2018 and 08/07/2018 at approximately 9:30 a.m.   (See Exhibit B)

   C.   Facts:

   1.  On 08/07/2018, minor child ZKM xx-xx-2008, was removed from the physical custody

       of Plaintiff, Smith-Goodman in a Dependency Court Proceeding..  Smith-Goodman's

       legal custody was suspended, and visitation to be decided at a later date.

2. Plaintiff, Smith-Goodman asserts that she is an in loco parentis parent with standing, as well as legal custody whose rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution, as well as PA Title 23 § 5324 (2) and PA Title 23 § 5328 (a) have been violated.

3. On 12/06/2017, Plaintiff was contacted by Stephanie English, English stated that a report of ZKM, minor child in the custody of Smith-Goodman had been called into the DHS hotline. The hotline report per English indicated that ZKM was truant, without proper supervision, and that Smith-Goodman had mental health and alcohol abuse histories.

4. English requested to visit the home of Plaintiff Smith-Goodman to assess the safety of ZKM, Smith-Goodman agreed to the home visit.

5. During the home visit on 12/06/2017, it was deemed by English that ZKM was safe. Plaintiff Smith-Goodman provided English with documentation to support ZKM's absence from school. English was also provided with correspondence between ZKM's teacher at Independence Charter School confirming that assignments were being completed and returned to the teacher during ZKM's absences.

6. On 12/06/2017, during the home visit at Plaintiff's home, Defendant English advised Smith-Goodman to sign an authorization of release for records of mental health and substance abuse history. Smith-Goodman signed the authorization for release of mental health and substance abuse records. ZKM was deemed to be safe in Smith-Goodman's home by Defendant English..

7. On 01/16/2018, Defendant, Stephanie English,Social Worker, City of Philadelphia, Department of Human Services.under the color of law filed a Petition to Adjudicate

Dependency in the Philadelphia Family Court to adjudicate dependency and request removal of child ZKM, dob XXi-XX-2008, from the custody of Plaintiff, Smith-Goodman, who had legal and physical custody of ZKM, and has stood in loco parentis of child since she was 2 days old.

8. Smith-Goodman asserts that the state of Pennsylvania (PA Act 138 (**See Exhibit A),** School District of Philadelphia (Attendance Guidelines-Administrative Procedures and the school where ZKM attends, each have laws or written Administrative Procedures or policies that outline the reporting of truancy. PA Act 138 requires schools to convene school attendance improvement conferences before referring truancy matters to magisterial districr courts or CYS agencies. CYS agencies must not accept referrals from schools without verification of school attendance improvement plans.

9. Plaintiff Smith-Goodman attests that she has not been notified by ZKM's school of any truancy issues, and has not been notified of or attended a school attendance improvement conference. ZKM attends a school located within the state of Pennsylvania, School District of Philadelphia where the laws of PA Act 138 are applicable. .

10. Plaintiff Smith-Goodman asserts that Defendant English under the color of law devised an unconscionaable scheme to circumvent each of the state and local laws/policies pertaining to truancy (see paragraph 6) in an effort to deprive Plaintiff Smith-Goodman of the protections afforded to her by the United States Constitution, Fourteenth Amendment which guarantees equal protection for all citizens.

11. Plaintiff Smith-Goodman asserts that the stated mission of the Department of Human Services is as follows "The mission of the Department of Human Services is to provide

and promote safety and permanency to children and youth at risk of abuse, neglect and delinquency,

12. Plaintiff Smith-Goodman asserts that absent a referral from any authority initiating a proceeding for truancy, Defendant English has additionally devised a scheme to deprive Smith-Goodman of her rights as provided by the Fourth Amendment of the United States Constitution.

13. Plaintiff Smith-Goodman attests that Defendant, Katlin Sullivan, Turning Points for Children, Community Umbrella Agency, acting under the color of law conspired with Defendant English, engaged in fraud upon the court in a scheme to deprive Smith-Goodman of the equal protection for all citizens that is provided by the Fourteenth Amendment of the Untied States Constitution, as well as violations of Smith-Goodman's rights under the Fourth Amendment of the United States Constitution by providing fraudulent testimony relating to truancy issues. .

14. Plaintiff Smith-Goodman asserts that it is reasonable to expect that Defendant Sullivan, in her official capacity, Case Manager, Turning Points for Children to be aware of the Attendance and Truancy Policies within the State of Pennsylvania, School District of Philadelphia, and whether or not she is engaging in any violations of said policies or laws..

15. Plaintiff Smith-Goodman, asserts that Defendant Sullivan, under the color of law, in a scheme to violate Smith-Goodman's rights, engaged in fraud upon the court by repeatedly provided fraudulent testimony asserting truancy, unsubstantiated testimony, irrelevant to the mission of her agency to Judge Allan Tereshko, in a willful and intentional scheme to

deprive Smith-Goodman of her right to equal protection under the Fourteenth
Amendment of the United States Constitution.

16. Plaintiff Smith-Goodman, attests that Defendant Sullivan under the color of law, violated
Smith-Goodman's rights under the Fourth Amendment of the United States Constitution
by requiring Smith-Goodman and her family to submit to criminal background checks
that are required by foster families and repeatedly visiting the school with regard to
truancy without a truancy referral . It can be reasonably expected that in Defendant
Sullivan's official capacity that she is aware that Smith-Goodman is not a foster parent
and that she did not have a truancy referral.

17. Plaintiff attests that Judge Allan Tereshko, Philadelphia Family Court was presented with
the Petition to Adjudicate Dependency filed by Defendant English on 02/06/2018.  Upon
reviewing the Petition, Judge Tereshko acknowledged that the Petition contained no
"Dependency Issues".

18. Plaintiff attests that Judge Allan Tereshko in continuing a Petition for Dependency that
does not have dependency issues is violating her right to equal protection under laws as
provided by the Fourteenth Amendment of the United States Constitution.  To continue a
Petition for Dependency additionally violates Plaintiff Smith-Goodman's rights provided
under the Fourth Amendment of the United States Constitution which provides the-right
to be secure in person, papers, houses and effects against unreasonable searches that
Plaintiff incurs under the supervision of child protective services..

Defendant No.5.
Judge Allan Tereshko
1501 Arch St, Rm.1548
Philadelphia, PA 19102



# FACT SHEET

# A Judge's Guide to Truancy and Act 138

December, 2017

This fact sheet is intended for Magisterial District Justices (MDJs) and other judges to use when adjudicating truancy matters under Pennsylvania's compulsory school attendance law. It highlights key changes to the law in light of Act 138 of 2016, which substantially reformed the truancy provisions of Pennsylvania's Public School Code ("School Code.").

**The purpose of Act 138.**
Act 138 begins with a preamble that states that its purpose is to "improve school attendance and deter truancy through a comprehensive approach to consistently identify and address attendance issues as early as possible with credible intervention techniques in order to:

- Preserve the unity of the family whenever possible as the underlying issues of truancy are addressed;
- Avoid the loss of housing, the possible entry of a child to foster care and other unintended consequences of disruption of an intact family unit; and
- Confine a person in parental relation to a child who is habitually truant only as a last resort and for a minimum amount of time."[1]

In applying the law and adjudicating petitions, MDJs must be mindful of these overarching purposes. In imposing fines and punishments, MDJs should consider whether the fines will disrupt the family unit, cause or contribute to the loss of housing, or push the child into foster care. Courts are strictly prohibited from jailing parents and

students who are unable to pay.[2] Moreover, before jailing parents for their children's truancy, MDJs should consider whether all other solutions and strategies to address the child's truancy have been exhausted. If not, MDJs should not jail parents, even when they are able to pay. MDJs must consider a parent or student's present ability to pay when imposing any fine for truancy, and cannot subject a defendant to a fine if he or she is unable to pay. (See discussion below.)

**Schools may only cite children 15 and older in magisterial district courts.**
Act 138 clearly states that only children who are fifteen (15) and older may be properly cited by a school in a magisterial district court.[3] Children who are younger than fifteen (15) cannot be cited in a magisterial district court.

**Schools may only cite the child or the parent in a magisterial district court, not both.**
Act 138 clarifies that schools may cite either the child—if fifteen (15) or older—or the parent, but not both.[4] While this practice was previously permitted, MDJs can no longer accept dual petitions against the child and the parent, and the MDJ must reject any such citations.

**Schools *may* refer children who are habitually children who are younger than 15 to CYS or an attendance improvement program *and* also cite the parent/guardian in a magisterial district court.**
Act 138 states that schools may refer children who are *younger than fifteen (15)* to either (1) a school-based or community-based attendance improvement program or (2) the county children

---

[1] 24 P.S. §§ 13-1325(1)-(3).
[2] *See* Pa.R.Crim.P. 456; 42 Pa. Cons. Stat. § 9730(b).

[3] 24 P.S. § 13-1333.1(a).
[4] 24 P.S. § 13-1333.1(b)(2).

and youth agency (CYS) for services or for possible disposition as dependent children under the Juvenile Act.[5] And only *in the case of a child younger than fifteen (15)*, the school may also cite the person in parental relation in a magisterial district court.[6]

**Schools may *not* file citations against a child or person in parental relation for a *subsequent* offense if a proceeding is already pending in a magisterial district court or the matter was referred to CYS and CYS has not closed the case.** Act 138 states that schools may *not* file citations in a magisterial district court against a child or person in parental relation if any of the following apply:

- A proceeding on a prior citation is pending before a magisterial district court (*i.e.* a petition has been filed, but a verdict not yet entered);
- The school referred the child to CYS and CYS has not yet closed the case; or
- CYS filed a petition for dependency, which remains under the jurisdiction of the Juvenile Court.[7]

**In all cases, the school must provide the court with written verification that it held a school attendance improvement conference.** Act 138 requires schools to convene school attendance improvement conferences before referring truancy matters to magisterial district courts or CYS agencies.[8] The outcome of every conference must be a written school attendance improvement plan that aims to address the barriers to the child's regular attendance.[9] To enforce this provision, the law requires that

schools provide MDJs and county CYS agencies with *verification* of school attendance improvement plans. MDJs and county CYS *must not* accept referrals from schools without verification.[10]

These plans are critical to ensuring improved attendance for habitually truant children. Best practice in truancy prevention and intervention holds that the key to improved attendance is the removal of barriers to the child's regular attendance. School attendance improvement plans are the vehicle to that end, and should be used by courts to appropriately identify and address the barriers to a child's attendance.

**Mandatory notifications of magistrate proceedings.**
Act 138 states that MDJs must notify the following persons and entities of truancy proceedings in magisterial district courts:

- The person in parental relation;
- The child; and
- CYS.[11]

MDJs must also notify the child or the person in parental relation of the availability of a preconviction diversionary program offered by the court.[12]

**Venue.**
In magistrate proceedings, venue is determined based on the address of the school. This is true for traditional public schools and brick-and-mortar charter schools.[13] However, for cyber charter schools, venue is based on the residence of the child or person in parental relation.[14] Cyber charter personnel may participate in magistrate

---

[5] 24 P.S. § 13-1333.1(a)(1).

[6] 24 P.S. § 13.1333.1(a)(2).

[7] 24 P.S. § 13-1333.3(d).

[8] 24 P.S. § 13-1333(b)(3) ("Further legal action may not be taken by the school to address unexcused absences by the child until after the date for the scheduled conference has passed.").

[9] 24 P.S. § 13-1333(b)(2).

[10] 24 P.S. § 13-1333.1(d) ("When referring a habitually truant child to the county children and youth agency or

filing a citation with the court because a child has been habitually truant, the school shall provide verification that a school attendance improvement conferences was held.").

[11] 24 P.S. § 13-1333.2(b)(1).

[12] 24 P.S. § 13-1333.2(b)(2).

[13] 24 P.S. § 13-1333.2(a).

[14] 24 P.S. § 13-1327.2(b).

proceedings via teleconference or videoconferencing.[15]

### Burden of proof, presumptions, and affirmative defenses.

Act 138 aligns the burden of proof in summary criminal trials on truancy petitions with the standard for habitual truancy articulated in the Juvenile Act. The burden is on the school to prove, beyond a reasonable doubt that:

- While subject to compulsory school attendance;
- The child was habitually truant; and
- Without justification.[16]

To meet the burden of proving "without justification," the Superior Court has held, under the Juvenile Act, that the "Commonwealth may offer testimony and school attendance records to establish that no excuse was received by the school for an absence, or that a proffered excuse is facially invalid or insufficient."[17] The Superior Court explained that "[u]pon introduction of such evidence, an inference arises that the absence in question is unjustified, at which point the parent or the minor child may proceed to rebut the inference."[18] Thus, where schools have proffered evidence to establish a rebuttable presumption, MDJs must permit students and persons in parental relation to present evidence to rebut the presumption that the absence was unjustified.

Act 138 states that "[i]t shall be an affirmative defense to a citation [against the person in parental relation] if the person in parental relation . . . took every reasonable step to ensure the attendance of the child at school."[19] Such a

defense must be proven by a preponderance of the evidence.[20]

### *A note on students with disabilities:

> The Superior Court has held, under the Juvenile Act, that evidence of a child's disability and its impact on the child's attendance, is relevant to the inquiry into the justification of an absence.[21] *The Superior Court articulated that "[if] [the] evidence [of the student's disability] establishes justification, then [the student] simply may not be adjudicated dependent."[22]*

> MDJs must apply this same standard for justification in summary criminal proceedings. To that end, MDJs should hear evidence of a child's disability and its relation to the absences when determining justification. This includes evidence of a child's Individualized Education Program ("IEP"), Section 504 Service Agreement, mental health evaluations, etc. The failure of a school to appropriately implement an IEP or accommodate a child's physical or mental impairment may have caused or be related to a child's absences and hence the result of a disability. The MDJ must consider this evidence.

> Lastly, in In re C.M.T., the Superior Court openly questioned the District Attorney's exercise of prosecutorial discretion, where it was clear that the child's disability impacted her attendance, and the "comprehensive framework established by the [Individuals with Disabilities Education Act ("IDEA") was] . . . the more appropriate vehicle[] for resolving . . . specialized and sensitive issues" related to the student's disability and absenteeism.[23]

---

[15] Id.

[16] 24 P.S. § 13-1333.2(c). Note that, while the burden of proof on the Commonwealth under the Juvenile Act is clear and convincing evidence, the burden of proof under Act 138 for truancy is beyond a reasonable doubt. See In re C.M.T., 861 A.2d 348 (Pa. Super. Ct. 2004) (explaining that the burden of proof under the Juvenile Act is clear and convincing evidence). Courts

adjudicating truancy cases must appropriately apply the higher burden of proof.
[17] In re C.M.T., 861 at 354.
[18] Id.
[19] 24 P.S. § 13-1333.2(d).
[20] 24 P.S. § 13-1333.2(e).
[21] In re C.M.T., 861 A.2d at 356.
[22] Id. at 356-57.
[23] Id.at 355-56.

*Therefore, when hearing evidence of a student's disability, MDJs should consider whether the IDEA is the better vehicle for addressing the attendance of a child with a disability, and should either dismiss the petition or order the school to address the attendance through the child's IEP or Section 504 Service Agreement.*

**The "offense" for purposes of imposing penalties is the citation, *not* the number of illegal absences averred therein.**
Act 138 clarifies that the "offense" for purpose of imposing penalties is defined as the "citation," *regardless of the number of illegal absences alleged in the citation.*[24] Thus, if a citation avers that a student was illegally absent on 20 school days as a first offense, then the student may be fined only up to $300—not up to $6,000 ($300 x 20).

**All penalties for violation of the compulsory school attendance requirement are discretionary.**
Act 138 makes *all* penalties against children and parents under the compulsory school attendance law discretionary. MDJs may *choose* to issue penalties. The only penalties that MDJs may impose are:

- Fines;
- Community service; **or**
- Completion of an "appropriate course or program designed to improve school attendance which has been approved by the president judge of the judicial district."[25]

The MDJ may also, *but does not have to,* refer the conviction of a child to the Pennsylvania Department of Transportation (PennDOT), but **"only if the child fails to comply with a lawful sentence entered for the violation and is not subject to an exception to compulsory attendance . . . ."**[26]

If PennDOT receives a certified record of a child's conviction, it must suspend the child's driver's license for ninety (90) days.[27] Upon receipt of a certified record of a child's second conviction, PennDOT must suspend the child's license for six (6) months.[28]

MDJs should consider the impact of referring a child's conviction to PennDOT before doing so, as this may impact a child's employment, attendance, and engagement in extra-curricular activities.

**The court can impose a fine only if the defendant is able to pay it.**
The Act 138 fines are discretionary, not mandatory. Accordingly, a court can impose the fines *only if* the "defendant is or will be able to pay the fine"; additionally, in setting any fine, the court *must* consider "the financial resources of the defendant and the nature of the burden that its payment will impose."[29] In setting the fine, the court must hold an ability-to-pay hearing at sentencing to affirmatively inquire into the defendant's financial circumstances.[30] Without holding such a hearing and gathering information about the defendant's finances, the court cannot impose a fine (even if the defendant pleads guilty).[31] Among the information the court must

[24] 24 P.S. § 13-1326 ("'Offense' shall mean each citation filed under section 1333.1[] for a violation of the requirement for compulsory school attendance under this article regardless of the number of unexcused absences alleged in the citation.").
[25] 24 P.S. §§ 13-1333.3(a)(1)-(3).
[26] 24 P.S. § 13-1333.3(g)(1) (emphasis added).
[27] 24 P.S. § 13-1333.3(g)(2).
[28] *Id.*
[29] 42. Pa. Cons. Stat. § 9726(c), (d). *See also Commonwealth v. Martin*, 335 A.2d 424, 426 n.3 (Pa. Super. Ct. 1975) (en banc). (defendant's "ability to pay a fine in the immediate future was seriously curtailed by the imposition of a prison term," which counseled against imposing a fine).
[30] *Commonwealth v. Schwartz*, 418 A.2d 637, 639-40 (Pa. Super. Ct. 1980).
[31] *Commonwealth v. Thomas*, 879 A.2d 246, 264 (Pa. Super. Ct. 2005); *Commonwealth v. Gaskin*, 472 A.2d 1154, 1157 (Pa. Super. Ct. 1984).

consider is the defendant's current income, indebtedness, and living situation.[32]

**Procedure for restoring a child's license.**
Act 138 explains that a PennDOT may restore a child's license if it receives a "certified record from the child's school that the child:

- [H]as attended school for a period of at least two (2) months after the first conviction or four (4) months after the second conviction without an unexcused absence or an unexcused tardy;
- [I]s subject to an exception to compulsory school attendance . . .; or
- [G]raduates, withdraws from school [in accordance with law], receives a general education diploma [(GED)] or enlists in the military.[33]

MDJs should inform children and their parents of this procedure, where relevant.

**Occupational limited license.**
Act 138 states that a child whose license has been suspended may still apply for an occupational limited license.[34]

**The court *must* refer a child to CYS if the child or person in parental relation was convicted of truancy twice within a three-year period.**
Act 138 states that if a child or person in parental relation is convicted of violating the compulsory school attendance requirements twice within a three-year period that the court must refer the child to CYS.[35] **No other provision permits *the MDJ* to refer children directly to CYS.**

**The court *may* refer a child who has failed to pay fines or costs to juvenile probation for the purpose of initiating dependency proceedings if permitted by local rule.**
Act 138 permits the "presiding judge of a judicial district . . . [to] adopt a local policy under [the

Juvenile Act, relating to the powers and duties of juvenile probation officers] and the Pennsylvania Rules of Juvenile Court Procedure to provide that a juvenile probation officer may receive allegations that the child who *fails to satisfy a fine or costs imposed* under [the School Code for violating the compulsory school attendance requirement] is dependent for the purpose of considering the commencement of proceedings under [the Juvenile Act]."[36] However, "the failure to satisfy a fine or costs imposed . . . shall not be considered a delinquent act."[37] *MDJs should only refer habitually truant children to juvenile probation if this procedure has been adopted by the president judge pursuant to local rule.*

**The MDJ may remit or waive fines and costs at any time.**
Act 138 explains that MDJs may "suspend the sentence of a person [parent or child] convicted of an offense and may remit or waive fines and costs if the child attends school in accordance with a plan devised by the court."[38] Because the purpose of the law is to (1) preserve the unity of the family whenever possible as the underlying issues of truancy are addressed; (2) avoid the loss of housing, the possible entry of a child into foster care and other unintended consequences of disruption of an intact family unit; and (3) confine a person in parental relation to a child who is habitually truant *only as a last resort* and for a minimum amount of time,[39] MDJs should employ this provision whenever a child's attendance has improved in accordance with an attendance improvement plan. Fines and court costs ensnare poor families and families of color in the criminal justice system. The law requires that courts remove these barriers.

**Expungement.**
Act 138 provides an expedited procedure for the expungement of truancy convictions. The court

---

[32] *Commonwealth v. Mead*, 446 A.2d 971, 973-74 (Pa. Super. Ct. 1982); *Commonwealth v. Fusco*, 594 A.2d 373, 355-56 (Pa. Super. Ct. 1991).
[33] 24 P.S. § 13-1333.3(g)(4).
[34] 24 P.S. § 13-1333.3(g)(6).

[35] 24 P.S. § 13-1333.3(e).
[36] 24 P.S. § 13-1333.3(f)(2).
[37] 24 P.S. § 13-1333.3(f)(1).
[38] 24 P.S. § 13-1333.3(b).
[39] 24 P.S. § 13-1325.

*must* grant a child's application for expungement "if all of the following apply:

- The child has earned a high school diploma, a Commonwealth secondary school diploma or another Department of Education-approved equivalent or is subject to compulsory attendance under Section 1330; and
- The child has satisfied any sentence imposed by the court with respect to the conviction, including payment of fines and costs."[40]

The MDJ should inform the child of the procedure for obtaining an expungement so that truancy convictions do not hinder the educational and economic opportunities available to Pennsylvania's youth.

### Appeals and Payment of Fines or Imprisonment Pending Appeal.

Appeals now follow the same procedure as any other summary case.[41] Accordingly, per Pa.R.Crim.P. 460-62, the defendant has 30 days to file an appeal.[42] During this time, failure to pay any fines and costs is *not* grounds for imprisonment.[43] If the defendant files an appeal, the execution of the sentence is stayed pending appeal, and because truancy is a non-jailable offense—a defendant cannot be held on collateral pending appeal.[44]

The standard of review on appeal is *de novo*, meaning that the defendant will receive a new trial before a judge of the Court of Common Pleas.[45]

### Proceedings upon Failure to Pay Fines and Costs.

If a person in parental relation, but not a child, fails to pay fines and costs, the court may hold a payment determination hearing under Pa.R.Crim.P. 456 to determine whether the parent "had reasonable ability to comply with the penalty imposed and that noncompliance was willful."[46] If the court determines that the noncompliance was willful, the individual may be jailed for a maximum of three days in any one case.[47] This means that a person in parental relation should never be jailed for more than three days, period, even if there are multiple violations alleged in a citation. To ensure that the court is complying with the relevant constitutional, statutory, and procedural requirements necessary to hold an individual in contempt and impose imprisonment for nonpayment, please see the "ACLU-PA Overview of MDJ Fines and Costs Procedures," which addresses these matters in detail.[48]

---

**The Education Law Center-PA ("ELC") is a non-profit, legal advocacy organization dedicated to ensuring that all children in Pennsylvania have access to a quality public education.** Through legal representation, impact litigation, trainings, and policy advocacy, ELC advances the rights of vulnerable children, including children living in poverty, children of color, children in the foster care and juvenile justice systems, children with disabilities, English language learners, LGBTQ students, and children experiencing homelessness.

ELC's publications provide a general idea of the law. However, each situation is different. If questions remain about how the law applies to a particular situation, contact us for a referral or contact an attorney of your choice. Visit www.elc-pa.org/contact or call 215-238-6970 (Philadelphia) or 412-258-2120 (Pittsburgh).

---

[40] 24 P.S. § 13-1333.3(h).
[41] 24 P.S. § 13-1333.3(c).
[42] *See also id.*
[43] Pa.R.Crim.P. 461(E).
[44] Pa.R.Crim.P. 461(D)(3) (prohibiting courts from holding defendants on collateral for any period of time longer than the underlying sentence).

[45] Pa.R.Crim.P. 462; *see also* 24 P.S. § 13-1333.3(c).
[46] 24 P.S. § 13-1333.3(f).
[47] *Id.*
[48] Available at www.aclupa.org/debtorsprisons.



Commonwealth of Pennsylvania

In the Interest Of:

Zafirah Moses, A Minor
Date of Birth: 11/17/2008

IN THE FAMILY COURT OF PHILADELPHIA COUNTY,
PENNSYLVANIA

JUVENILE DIVISION

DOCKET NO:     CP-51-DP-0000084-2018
FID:           51-FN-001455-2010

# PERMANENCY REVIEW ORDER (NON-PLACEMENT)

## Attendance

| Attendee Name | Attendee Role | Attendance Type |
|---|---|---|
| Visco, Lisa Marie | Attorney - Smith-Goodman, Lisa | In Person |
| Birley, Kevin Thomas | Attorney - Moses, Kozmyk | Did Not Attend |
| Moses, Kozmyk | Father | Did Not Attend |
| Kuhlmann, Lee W. | Attorney - Boyer, Angela | In Person |
| Defender Association - Child Advocacy Unit | GAL for Child - Moses, Zafirah | In Person |
| Boyer, Angela | Mother | In Person |
| Moses, Zafirah | Child | Did Not Attend |
| Smith-Goodman, Lisa | Legal Guardian | In Person |

### PERSONS APPEARING AT HEARING

The following persons appeared at this hearing:ACS  E. Blass,  DHS Rep. R. Wright,  GAL f/ child DACAU Bernstein -P, Atty.f/mother  Lee Kuhlmann-P,  Mother, Atty.f/guardian   L. Visco -P, Legal Guardian Atty.f/father K. Birley (E) CBH Rep.,  and Turning Points CUA Sw Sullivan. {SR}

AND NOW, this 7th day of August, 2018, after hearing, the Court hereby enters the following findings and order

### PERMANENCY PLAN - Reasonable efforts to finalize

Reasonable efforts have been made by the Philadelphia Department of Human Services ('Agency') to finalize this child's permanency plan.

### CURRENT PERMANENT PLACEMENT PLAN

The current placement goal for the child is remain with the parent or guardian.

### CURRENT PLACEMENT - Child's Safety

The child is safe in the current placement setting. Safety as of 7/26/18.

## ORDER OF COURT - On the basis of the above findings, IT IS HEREBY ORDERED THAT:

### Order of Court

The Child shall be under the protective supervision of the Agency.

Physical Custody of the Child shall transfer to the Mother-Angela Boyer .

Legal Custody of the Child shall return to the Mother-Angela Boyer.

### FINDINGS/ORDERS

THE COURT FURTHER FINDS: DHS exhibit 1 entered into evidence.
CEU report as to mother incorporated by reference.
Mother receives medication monitoring through Community Counsel and IOP dual diagnosis through New Stop.

CP-51-DP-0000084-2018

In The Interest Of:  Zafirah Moses, A Minor

THE COURT FURTHER ORDERS: Supervision stands.  Guardianship to Lisa Smith Goodman is suspended. Child to return to Mother, Angel Boyer- Natural physical/legal custody confirmed in mother, Angela Boyer.  Child to continue with therapy and attend bricks/mortar school.    Child's therapist to appear next court listing to address visitation with Ms Lisa Smith-Goodman.  Mother is referred to CEU for monitoring.

## NEXT SCHEDULED COURT DATE(S)

Next Scheduled Court Date: - CUA Review Hearing - 11/06/2018 -  9:30AM - 1501 Arch Street - Courtroom 5B - Judge Allan L. Tereshko

## CONDITIONS/VISITATION

The additional condition(s) of visitation is set forth as: Visitation with Ms. Smith-Goodman suspended -to be addressed at next court listing.

Such disposition having been determined to be best suited to the protection and physical, mental and moral welfare of the child.

BY THE COURT:

Judge Allan L. Tereshko

Copies To:ACS  E. Blass,  DHS Rep. R. Wright, GAL f/ child DACAU Bernstein -P, Atty.f/mother  Lee Kuhlmann-P, Mother, Atty.f/guardian   L. Visco -P, Legal Guardian  Atty.f/father  K. Birley (E) CBH Rep., and Turning Points CUA Sw Sullivan. {SR}