IN THE UNITED STATES DISTRICT COURT OF PENNSYLVANIA

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA A. SMITH-GOODMAN | : | |
| Plaintiff | : | CIVIL ACTION |
| v. | : | NO: 18-cv-3675 |
| CITY OF PHILADELPHIA DEPARTMENT | : | |
| OF HUMAN SERVICES, et al. | : | |
| Defendants | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' TURNING POINTS FOR CHILDREN AND KATLIN SULLIVAN'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

I. **Response to Defendant's Preliminary Statement:**

As Plaintiff, Smith-Goodman is proceeding in forma pauperis, her Second Amended Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Amended Complaint if it (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The Honorable Juan R. Sanchez, has reviewed Plaintiff's complaint filed informa pauperis subject to U.S.C. § 1915(e)(2)(B)(ii), and issued an Order for Plaintiff's complaint and summons to be served upon Defendants.

Whether a complaint fails to state a claim under § 1915( e )(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236,240 (3d Cir. 1999), which requires the

2

Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585–87 (1986); First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). In proving that the disputed fact is material, the opposing party must demonstrate the disputed fact "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citation omitted). In proving that the dispute is genuine, the opposing party must demonstrate "the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

## II. Response to Defendant's Facts

A review by the Court subject to the rules of § 1915( e )(2)(B)(ii) which are governed by the same standards applicable to Motions to Dismiss under Federal Rules of Civil Procedure 12(b)(6) has determined that Plaintiff is not seeking a "reversal of the state court ruling" as stated in paragraph 3.

## III. Response to Defendant's Standard for a Motion to Dismiss

As Smith-Goodman is proceeding in forma pauperis, her Amended Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915( e )(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil

3

Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236,240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

### IV. Response to Defendant's Argument
#### A. Rooker-Feldman Doctrine

As Plaintiff's second amended complaint does not request reversal of the Philadelphia County Court of Common Pleas Orders granting custody of Z.K.M. to biological mother. The Rooker-Feldman doctrine does not apply.

Plaintiff is not seeking reversal of the state court's decision. Plaintiff's second amended specifically references policies or customs by the Department of Human Services that are in violations of plaintiff's constitutional right to due process and equal protection of the law, where government conduct is so grossly shocking and so outrageous that it violates universal sense of justice, U.S.C.A. Const. Amend 14, and a violation of plaintiff's rights or right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. U.S.C.A. Const. Amend 4.

#### B. Response to: Constitutional Claims Pursuant to § 1983.

##### i. This Court Does Not Have Jurisdiction Over This Matter as Foster Parents Do Not Have Constitutionally Protected Interests

Defendants have failed to produce any contract or documentation between Smith-Goodman and a foster care agency relevant to Z.K.M. Plaintiff is not a foster parent. Plaintiff has stood in loco parentis of Z.K.M. since birth in 2008, with legal custody standing established as of March 2010.

4

Defendant's instant action states "Plaintiff does not have any biological relationship to Z.K.M. Plaintiff, Smith-Goodman stands in loco parentis to child Z.K.M., supported by the fact that Smith-Goodman is a named defendant in the "dependency proceedings" relating to Smith-Goodman's second amended complaint. The remainder of Defendant's claims refer to case law and due process rights for biological parents. Plaintiff asserts that she is not a foster parent, and the State has not been a partner from the outset in the emotional or legal ties that have developed between Z.K.M and plaintiff. (See Fed. R. Civ. P. 56(c)(1)(A and B))

ii. **Response to: The Defendant's Are Entitled to Qualified Immunity**

Plaintiff filed a complaint pursuant to 42 U.S.C. 1983 against defendants in connection with "dependency" proceedings with the United States District Court, Eastern Pennsylvania. The complaint was dismissed with leave to amend.

The Memorandum issued by the Honorable Juan R. Sanchez, United States District

Court Eastern District of Pennsylvania, September 19, 2018, provides pro-se plaintiff with leave to file a Second Amended Complaint. The Conclusion section of the memorandum shows plaintiff was advised not to raise claims challenging the state court's judgement or raise claims that are barred by immunity.

The Second Amended Complaint was filed by Plaintiff, and reviewed by the Court prior to the issuance of any summonses. The Court ordered that summons and complaint be served upon Defendants.

Defendant asserts that unless a constitutional right was "clearly established at the time of the challenged conduct, individual state actors are protected from suits for damages. The constitutional rights under U.S.C.A. Const. Amend 14 and U.S.C.A. Const. Amend 4 were established at the time of the dependency proceedings. Further, it is reasonable to conclude that

5

Defendants were clearly aware that Plaintiff Smith-Goodman was not under contract with the Department of Human Services, Turning Points for Children or any agency as a foster care service provider for Z.K.M. Defendant Katlin Sullivan appeared at dependency court proceedings. Smith-Goodman was named as a defendant on the petition submitted to the Philadelphia Common Pleas Dependency Court as were the biological parents. Smith-Goodman was provided a court-appointed attorney as were the biological parents. It is reasonable to believe that Defendants were aware that Smith-Goodman was not a non-biological foster parent that they were merely interacting with. (See Fed. R. Civ. P. 56(c)(1)(A and B)

### iii. Response to: Any Conspiracy Allegations Fails To State A Claim

Plaintiff's Second Amended Complaint lists conspiracy to child seizure relating to Defendant Katlin Sullivan and City of Philadelphia Department of Human Services Defendant Stephanie English on its face, as a violation to Plaintiff's constitutional rights under U.S.C.A. Const. Amend 14 and U.S.C.A. Const. Amend 4 . As Smith-Goodman is proceeding in forma pauperis, her Amended Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Amended Complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915( e )(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

> see Tourscher v. McCullough, 184 F.3d 236,240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." After review, Smith-Goodman was allowed to proceed with the second amended complaint by Order of the Honorable Juan R. Sanchez. Defendants were served with the complaint and summons. (See Fed. R. Civ. P. 56(c)(1)(A and B))

6

## III. **Response to: Conclusion**

Plaintiff's "Second Amended Complaint" was subject to review, reviewed and allowed to proceed under § 1915( e )(2)(B)(ii) which is governed by the same standard applicable to Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Based upon the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss the Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Fed. R. Civ. P. 56(c)(1)(A and B)).

.

Dated: November 23, 2018          Respectfully submitted,


By: *[signature]*

Lisa A. Smith-Goodman, Pro-Se
7334 Woodbine Ave
Philadelphia, PA 19151
215-749-2289

7

IN THE UNITED STATES DISTRICT COURT OF PENNSYLVANIA

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA A. SMITH-GOODMAN | : | |
| Plaintiff | : | CIVIL ACTION |
| v. | : | NO: 18-cv-3675 |
| CITY OF PHILADELPHIA DEPARTMENT | : | |
| OF HUMAN SERVICES, et al. | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Plaintiff's Answer to Motion to Dismiss Plaintiff's Second Amended Complaint was filed with the Clerk of Court, United States District Court Eastern District of Pennsylvania . I also certify that a copy of the Plaintiff's Answer to Motion to Dismiss has been served upon the Defendant's by first class mail, postage prepaid as follows:

Christopher M.Gallagher, Esquire
Attorney for the Defendants
Four Penn Center, Suite 620
1600 John F. Kennedy Boulevard
Philadelphia PA 19103

Date: November 25, 2018

Respectfully submitted:

Lisa A. Smith-Goodman, Pro-Se
7334 Woodbine Avenue
Philadelphia, PA 19151
215-749-2289

8

# IN THE UNITED STATES DISTRICT COURT OF PENNSYLVANIA
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA A. SMITH-GOODMAN | : | |
| Plaintiff | : | CIVIL ACTION |
| v. | : | NO: 18-cv-3675 |
| CITY OF PHILADELPHIA DEPARTMENT | : | |
| OF HUMAN SERVICES, et al. | : | |
| Defendants | : | |

## ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of The Motion to Dismiss of Defendants Turning Points for Children and Katlin Sullivan, it is **HEREBY ORDERED** that this Motion is **DENIED**.

BY THE COURT:

_____